## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

KIND INC., d/b/a KIDS IN NEED OF DEFENSE,

1201 L Street, NW, Floor 2
Washington, DC 20005

           Plaintiff,

   v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

20 Massachusetts Avenue, NW
Washington, DC 20001

           Defendant.

</td><td>

Civil Action No. 1:20-cv-1384

</td></tr>
</table>

## COMPLAINT

1.     Plaintiff KIND Inc. ("KIND") brings this action against Defendant United States Citizenship and Immigration Services ("USCIS" or the "Agency") under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552 *et seq*.

2.     This action seeks production of information on USCIS's implementation of an unlawful policy abdicating in part the Agency's initial jurisdiction over unaccompanied alien children's ("UAC") asylum claims as granted to it by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"). Embodied in a May 31, 2019 USCIS memorandum (the "2019 Redetermination Memorandum"), the unlawful policy retroactively strips asylum applicants who were determined to be UACs of critical, statutory asylum protections, placing these vulnerable persons at further risk of trafficking, persecution, trauma, and even death. USCIS has been preliminarily enjoined from administering the policy, and the Agency's noncompliance with that court order is the subject of a pending motion to

enforce it.  *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 19-cv-1944 (D. Md.), DI 71, 75, 88 & 107.[1]

3.      KIND requested the production of training, guidance, and policy documents related to the introduction of the 2019 Redetermination Memorandum in two FOIA requests in June 2019.  Notwithstanding KIND's tailored and straightforward FOIA requests, and the absence of an applicable FOIA exception, USCIS has produced nothing in the past 11 months, far in excess of statutory requirements.

## PARTIES

4.      Plaintiff KIND, a nonprofit corporation established under the laws of and headquartered in the District of Columbia, is the leading organization advocating for the rights of unaccompanied migrant children nationwide.

5.      Besides providing free legal representation to children in immigration matters, KIND educates the public about the conditions that force children to migrate alone, barriers that prevent them from accessing legal protection, and the dangers they face if returned to the countries they fled.  KIND has collaborated with federal agencies, Congress, and other policymakers to support policies that protect this vulnerable population.  Information from FOIA requests is utilized by KIND to further its mission.

6.      Defendant USCIS is responsible for adjudicating immigration benefits to noncitizens, including asylum benefits.  USCIS is an agency within the meaning of 5 U.S.C. § 552(f)(1).

---

[1]      KIND attorneys are co-counsel for the named plaintiffs in *J.O.P.*

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B) and (a)(6)(C)(i) and under 28 U.S.C. §§ 1331 and 1346.

8.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402.

## FACTUAL ALLEGATIONS

### Congress Implemented the TVPRA to Protect UACs

9.      The Homeland Security Act ("HSA") defines a UAC as a child who: "(A) has no lawful immigration status in the United States; (B) has not attained 18 years of age; and (C) with respect to whom—(i) there is no parent or legal guardian in the United States; or (ii) no parent or legal guardian in the United States is available to provide care and physical custody."  HSA § 462(g)(2); 6 U.S.C. § 279(g)(2).  Congress transferred to the Office of Refugee Resettlement ("ORR"), within the Department of Health and Human Services ("HHS"), responsibility for the care of UACs "who are in Federal custody by reason of their immigration status."  HSA § 462(a), (b)(1)(A); 6 U.S.C. § 279(a), (b)(1)(A).

10.      In 2008, Congress passed the TVPRA.  Recognizing the vulnerability of UACs seeking U.S. protection, Congress included in the TVPRA multiple provisions addressing safe custody and child-appropriate procedures for UACs.

11.      Among these safeguards, the TVPRA provides that USCIS has "initial jurisdiction" over a UAC's asylum application, even where the UAC is in removal proceedings.  TVPRA § 235(d)(7); 8 U.S.C. § 1158(b)(3)(C).  The TVPRA thereby carved out an exception for UACs from the general rule that immigration judges shall have exclusive jurisdiction over asylum applications filed by persons in removal proceedings.  *See* 8 C.F.R. § 208.2.  Conferring

initial jurisdiction on USCIS permits a UAC to have his or her asylum claim determined in the

first instance in a non-adversarial system more sensitive to the special needs of child immigrants.

Instead of being cross-examined by government lawyers, a UAC asylum applicant is interviewed

by USCIS asylum officers trained to apply child-sensitive and trauma-informed interview

techniques.

12.     Moreover, the TVPRA exempts UACs from the general requirement that asylum

applications be filed within one year after entering the United States.  TVPRA § 235(d)(7);

8 U.S.C. § 1158(a)(2)(E).

### USCIS Implemented TVPRA Requirements Through the 2013 Kim Memorandum

13.     On May 28, 2013, Ted Kim, Acting Chief of USCIS's Asylum Division, issued a

memorandum titled "Updated Procedures for Determination of Initial Jurisdiction over Asylum

Applications Filed by Unaccompanied Alien Children" (the "2013 Kim Memorandum") (**Ex. A**).

The 2013 Kim Memorandum provided that "[i]n cases in which CBP or ICE has already

determined that the applicant is a UAC, Asylum Offices will adopt that determination and take

jurisdiction over the case."  Ex. A at 2.  The 2013 Kim Memorandum further provided that, if on

the initial filing date of the asylum application, the UAC status determination was still in place

"USCIS will take initial jurisdiction over the case, even if there appears to be evidence that the

applicant may have turned 18 years of age or may have reunited with a parent or legal guardian

since the CBP or ICE determination."  *Id.*

### The 2019 Redetermination Memorandum Was Promulgated Unlawfully and Reverts UAC Asylum Policy Back to a Position at Odds with the TVPRA

14.     On June 14, 2019, less than a month after publicly reaffirming the 2013 Kim

Memorandum, John Lafferty, then-Chief of the USCIS Asylum Division, posted to the agency

website a memorandum dated May 31, 2019, titled "Updated Procedures for Asylum

Applications Filed by Unaccompanied Alien Children" (the "2019 Redetermination Memorandum") (**Ex. B**).

15.     The 2019 Redetermination Memorandum drastically changed the rules for determining whether a child is eligible to seek asylum before USCIS.  Reversing the 2013 policy, the 2019 Redetermination Memorandum directed all asylum officers to "mak[e] independent factual inquiries in all cases in order to determine whether the individual met the UAC definition on the date of first filing the asylum application," which in turn determines whether USCIS will exercise jurisdiction, and "examine whether the individual was a UAC at the time of first filing for the purposes of determining whether the one-year filing deadline applies."  Ex. B at 2.  The 2019 Redetermination Memorandum also instructs that if the Executive Office for Immigration Review ("EOIR") has determined that USCIS does not have jurisdiction over an asylum application because it is not one filed by a UAC, the asylum officer must defer to that determination.  *Id.* at 4 n.5.

16.     The 2019 Redetermination Memorandum states that its policy "appl[ies] to **any** USCIS decision issued on or after the effective date" of June 30, 2019.  *Id.* at 1 (emphasis in original).

17.     Thus, under the 2019 Redetermination Memorandum, a child previously determined to be a UAC but who, relying on existing USCIS policy, applied for asylum with USCIS after turning 18 or reunifying with a parent or legal guardian would have their asylum application rejected by USCIS for lack of jurisdiction.  The same is true if EOIR had determined that USCIS lacked jurisdiction over the asylum application because it was not filed by a UAC. That individual could also lose eligibility for asylum in any forum from retroactive application of the one-year time limit for filing the application.

18.     The 2019 Redetermination Memorandum does not consider the reasons that

USCIS adopted the asylum policies of the 2013 Kim Memorandum.  Nor does it consider the

legislative history or congressional intent in enacting the TVPRA.  And despite imposing new

legal burdens on and altering the rights of asylum seekers previously determined to be UACs,

USCIS did not undertake notice-and-comment rulemaking before issuing the 2019

Redetermination Memorandum.

19.     The *J.O.P.* court recognized that the 2019 Redetermination Memorandum is

likely unlawful under the APA and granted a temporary restraining order enjoining USCIS from

applying it.  *J.O.P.*, 409 F. Supp. 3d 367, 377-79 (D. Md. 2019).  The court subsequently

converted its temporary restraining order into a preliminary injunction, which remains in effect.

*J.O.P.*, No. 19-cv-1944, DI 71.

### KIND's FOIA Requests Seek Information on a Matter of Significant Public Interest and Comport with the Act's Basic Purpose of Government Transparency and Accountability

20.     Nearly a year ago, KIND submitted the FOIA requests at issue in this suit,

seeking pertinent information on USCIS's implementation of the 2019 Redetermination

Memorandum.  **Exs. C & D.**

21.     KIND's first FOIA request, filed on June 17, 2019, sought "[a]ny attachments or

exhibits" to the 2019 Redetermination Memorandum; "[a]ny transmission or cover memos used

to transmit the [2019 Redetermination Memorandum] to Asylum Officers, the Administrative

Appeals Unit, or any other recipient within USCIS;" and "[a]ny training materials" prepared in

connection with the 2019 Redetermination Memorandum.  Ex. C at 1.  The June 17, 2019 request

included an application for expedited processing pursuant to 6 C.F.R. § 5.5(e)(1)(ii)-(iii) and the

USCIS FOIA Manual.  *Id.* at 2.

22.     KIND's second FOIA request, filed on June 25, 2019, sought "[a]ny policy or guidance pertaining to Asylum Office interviewing practices or scheduling of interviews for [UACs] with pending applications for asylum," "[a]ny cover note, distribution memo, or other communication conveying [such] policy or guidance," and "[a]ny training materials for implementing [such] policy or guidance," created or distributed from January 1, 2017.  Ex. D at 1.  The June 25, 2019 request included an application for expedited processing pursuant to 6 C.F.R. § 5.5(e)(1)(ii)-(iii) and the USCIS FOIA Manual.  *Id.* at 2.

23.     Consistent with its nonprofit mission, KIND will use the information obtained from the two FOIA requests to defend the rights of UACs in individual cases and in current litigation against the Agency, to educate the children it serves and the public on USCIS's practices, and to advocate for policy change.  Such intentions fall squarely within "[t]he basic purpose of FOIA," which "is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governor accountable to the governed." *Judicial Watch, Inc. v. USDHS*, 895 F.3d 770, 780 (D.C. Cir. 2018) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

24.     KIND's need for the information in the FOIA requests is particularly pressing given the pending motion to enforce judgment in *J.O.P. v. U.S. Department of Homeland Security*.  *See* No. 19-cv-1944 (D. Md.), DI 75, 88 & 107.  The pending motion involves a USCIS denial of jurisdiction over a UAC asylum application despite the court's temporary restraining order and preliminary injunction. *See id.*, DI 75, 76.  The June 17, 2019 and June 25, 2019 FOIA requests encompass any documents or guidance USCIS would have disseminated in response to the *J.O.P.* temporary restraining order and preliminary injunction. *See* Exs. C & D. Consequently, the documents sought through FOIA are likely to aid in the timely enforcement of

a federal court order and the prevention of unlawful, irreparable harm to particularly vulnerable individuals.

### USCIS Has Not Produced Any Records in Response to KIND's June 17, 2019 and June 25, 2019 FOIA Requests

25.     On July 29, 2019, USCIS sent KIND a letter acknowledging receipt of the June 17, 2019 FOIA request, assigning it control number COW2019500723, placing it in the complex track (Track 2), and denying expedited processing. **Ex. E** at 1-3**.** The Agency also availed itself of the 5 U.S.C. § 552(a)(6)(B) ten-day extension. *Id.* at 3.

26.     On November 22, 2019, USCIS sent KIND a letter acknowledging receipt of the June 25, 2019 FOIA request, assigning it control number COW2019500675, placing it in the simple track (Track 1), and approving expedited processing. **Ex. F** at 1**.** The Agency also availed itself of the 5 U.S.C. § 552(a)(6)(B) ten-day extension. *Id.*

27.     KIND has not received any USCIS correspondence regarding the two FOIA requests in the over five months since the November 22, 2019 acknowledgement letter.

28.     As of the date of this filing, USCIS has not produced any documents responsive to the June 17, 2019 or June 25, 2019 FOIA requests.

### CLAIMS FOR RELIEF

### Count I

### Violation of FOIA for Improper Withholding of Agency Records Requested Through the June 17, 2019 Request (5 U.S.C. § 552(a)(4)(B))

29.     KIND incorporates by reference the above paragraphs as if fully set forth herein.

30.     On June 17, 2019, KIND made a proper request for agency records under FOIA, and USCIS has improperly withheld the records in violation of the Act.

31.     FOIA required USCIS to "determine . . . whether to comply with [the] request" and to "immediately notify the person making [the] request of [the] determination and the

reasons therefore" within 20 business days of receiving KIND's FOIA request.  5 U.S.C.

§ 552(a)(6)(A).  The Act permits a ten-day extension for "unusual circumstances," *id.*

§ 552(a)(6)(B), which USCIS invoked, **Ex. E** at 3.

32.   Substantially more than 30 business days have passed since USCIS received

KIND's June 17, 2019 request.  The Agency has not (i) produced the requested records, (ii)

indicated whether it will comply with KIND's FOIA request to any degree, or (iii) asserted any

of the exemptions of 5 U.S.C. § 552(b).  Accordingly, KIND has exhausted its administrative

remedies under § 552(a)(6)(C)(i).

33.   Upon information and belief, USCIS is not exercising due diligence in processing

KIND's FOIA request and/or is being lax overall in meeting its obligations under the Act.

Almost a year has passed since USCIS received the request, yet USCIS has not provided any

portion of the requested records.

34.   For the foregoing reasons, KIND is entitled to relief under 5 U.S.C.

§ 552(a)(4)(B) for USCIS's improper withholding of the records in the June 17, 2019 request.

## <u>Count II</u>

**Violation of FOIA for Improper Withholding of Agency Records Requested
Through the June 25, 2019 Request (5 U.S.C. § 552(a)(4)(B))**

35.   KIND incorporates by reference the above paragraphs as if fully set forth herein.

36.   On June 25, 2019, KIND made a proper request for agency records under FOIA,

and USCIS has improperly withheld the records in violation of the Act.

37.   FOIA required USCIS to "determine . . . whether to comply with [the] request"

and to "immediately notify the person making [the] request of [the] determination and the

reasons therefore" within 20 business days of receiving KIND's FOIA request.  5 U.S.C.

§ 552(a)(6)(A).  The Act permits a ten-day extension for "unusual circumstances," *id.*
§ 552(a)(6)(B), which USCIS invoked, **Ex. F** at 1.

38.     Substantially more than 30 business days have passed since USCIS received
KIND's June 25, 2019 request.  The Agency has not (i) produced the requested records, (ii)
indicated whether it will comply with KIND's FOIA request to any degree, or (iii) asserted any
of the exemptions of 5 U.S.C. § 552(b).  Accordingly, KIND has exhausted its administrative
remedies under § 552(a)(6)(C)(i).

39.     Upon information and belief, USCIS is not exercising due diligence in processing
KIND's FOIA request and/or is being lax overall in meeting its obligations under the Act.
Almost a year has passed since USCIS received the request.  Yet USCIS has not provided any
portion of the requested records, despite having purportedly committed to expedited processing.
For the foregoing reasons, KIND is entitled to relief under 5 U.S.C. § 552(a)(4)(B) for USCIS's
improper withholding of the records in the June 25, 2019 request.

40.     KIND respectfully submits that judicial intervention is appropriate as outlined in
the prayer for relief.

## **PRAYER FOR RELIEF**

WHEREFORE, KIND prays that this Court:

A.      Order USCIS to process and produce, by a date certain, all records responsive to
KIND's June 17, 2019 FOIA request;

B.      Order USCIS to process and produce, by a date certain, all records responsive to
KIND's June 25, 2019 FOIA request;

C.      Award KIND litigation costs and reasonable attorneys' fees, as provided in
5 U.S.C. § 552(a)(4)(E); and

D.      Grant any other relief the Court deems just and proper.

Dated: May 22, 2020


By: */s/ Brian T. Burgess*

Brian T. Burgess (D.C. Bar No. 1020915)
Stephen R. Shaw (D.C. Bar. No. 1500549) (admission pending)
**GOODWIN PROCTER LLP**
1900 N Street, N.W.
Washington, DC 20036-1612
Phone: (202) 346-4000
Fax: (202) 346-4444
bburgess@goodwinlaw.com
sshaw@goodwinlaw.com

Elaine Herrmann Blais (*pro hac* pending)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA  02210
Phone: (617) 570-1000
Fax: (617) 523-1231
eblais@goodwinlaw.com

Joel L. Broussard (*pro hac* pending)
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Phone: (212) 813-8800
Fax: (212) 355-3333
jbroussard@goodwinlaw.com

Wendy T. Wylegala (*pro hac* pending)
Scott Shuchart (D.C. Bar No. 1531377) (admission pending)
**KIDS IN NEED OF DEFENSE**
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: (646) 970-2913
wwylegala@supportkind.org
sshuchart@supportkind.org

Attorneys for Plaintiff
KIND Inc.