# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIND INC., d/b/a KIDS IN NEED OF DEFENSE<br><br>              Plaintiff,<br><br>     v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>              Defendant. | Civil Action No. 20-1384 |

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, the United States Citizenship and Immigration Services ("USCIS") by and through undersigned counsel, hereby responds to the Complaint of KIND, Inc., ("Plaintiff") as follows.[1]

1. Defendant admits that Plaintiff purports to bring this lawsuit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The remainder of this paragraph consists of Plaintiff's characterization of this action to which no response is required.

2. The allegations in Paragraph 2 of the Complaint are Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendant denies the allegations.

3. The allegations in the first sentence of Paragraph 3 of the Complaint are Plaintiff's characterization of their FOIA request to which no response is required. To the extent a response

---

[1] For the sake of ease, Defendant USCIS is using the headings used by Plaintiff in the Complaint but does not admit any allegations or characterizations in those headings.

is required, Defendant respectfully refers the Court to Plaintiff's FOIA requests. The second sentence of Paragraph 3 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it is still working on processing Plaintiff's FOIA requests.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies the allegations.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies the allegations.

6. In response to the allegations contained in Paragraph 6, Defendant admits it is responsible for a number of immigration actions, one of which is adjudicating asylum benefits. Defendant also admits USCIS is a federal agency and component of DHS and is subject to the provisions of the FOIA, 5 U.S.C. § 552, *et seq*. Defendant denies any remaining allegations.

## JURISDICTION AND VENUE

7. The allegations contained in Paragraph 7 consist of Plaintiff's conclusions of law regarding subject matter jurisdiction and personal jurisdiction, to which no response is required. To the extent that a response is required, Defendant admits that this action purports to be brought pursuant to the FOIA, 5 U.S.C. § 552, *et seq*, and that this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendant.

8. The allegations contained in Paragraph 8 consist of Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent that a response is required,

Defendant admits that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to the FOIA, and that venue is proper in this judicial district.

## FACTUAL ALLEGATIONS

9. This paragraph contains Plaintiff's argument and conclusions of law, not allegations of fact, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the statutes cited for the truth of their content.

10. . This paragraph contains Plaintiff's argument and conclusions of law, not allegations of fact, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the statutes cited for the truth of their content.

11. This paragraph contains Plaintiff's argument and conclusions of law, not allegations of fact, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the statutes cited for the truth of their content.

12. This paragraph contains Plaintiff's argument and conclusions of law, not allegations of fact, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the statutes cited for the truth of their content.

13. Paragraph 13 contains Plaintiff's argument, conclusions of law and characterization of USCIS's memoranda attached to the Complaint to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to Exhibit A for the truth of its content.

14. Paragraph 14 contains Plaintiff's argument, conclusions of law and characterization of USCIS's memoranda attached to the Complaint to which no response is required. To the extent

that a response is required, Defendant respectfully refers the Court to Exhibit B for the truth of its content.

15. Paragraph 15 contains Plaintiff's argument, conclusions of law and characterization of USCIS's memoranda attached to the Complaint to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to Exhibit B for the truth of its content.

16. Paragraph 16 contains Plaintiff's argument, conclusions of law and characterization of USCIS's memoranda attached to the Complaint to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to Exhibit B for the truth of its content.

17. Paragraph 17 contains Plaintiff's argument, conclusions of law and characterization of USCIS's memoranda attached to the Complaint to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to Exhibit B for the truth of its content.

18. Paragraph 18 contains Plaintiff's argument, conclusions of law and characterization of USCIS's memoranda attached to the Complaint to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to Exhibit B for the truth of its content.

19. Paragraph 19 is Plaintiff's argument, conclusions of law and characterization of a lawsuit that does not pertain to FOIA, but rather to USCIS operational issues. Defendant respectfully refers the Court to that lawsuit for the truth of its contents.

20. Defendant admits Plaintiff submitted two FOIA requests in June 2019, and respectfully refers the Court to the requests for a complete and accurate description of their contents.

21. Defendant admits Plaintiff submitted two FOIA requests in June 2019, and respectfully refers the Court to the requests for a complete and accurate description of their contents.

22. Defendant admits Plaintiff submitted two FOIA requests in June 2019, and respectfully refers the Court to the requests for a complete and accurate description of their contents.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and on that basis denies the allegations.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and on that basis denies the allegations.

25. Defendant admits it submitted a letter dated July 29, 2019 to Plaintiff assigning the June 17, 2019 FOIA request control number COW2019500723 and respectfully refers the Court to the letter for a complete and accurate description of its contents.

26. Defendant admits it submitted a letter dated November 22, 2019 to Plaintiff assigning the June 25, 2019 FOIA request control number COW2019500675 and respectfully refers the Court to the letter for a complete and accurate description of its contents.

27. Defendant admits that at the time of the filing of this lawsuit, it has provided no further correspondence to Plaintiff.

28. Defendant admits that at the time of the filing of this lawsuit, it has produced no responsive documents to Plaintiff.

## CLAIMS FOR RELIEF

29. Defendant incorporates by reference all of the above paragraphs herein.

30. Paragraph 30 contains legal conclusions to which no response is required, to the extent a response is required Defendant denies that USCIS has improperly withheld the records in violation of the Act.

31. Paragraph 31 contains legal conclusions to which no response is required, to the extent a response is required Defendant denies those allegations.  Defendant respectfully refers the Court to the FOIA statute and Exhibit E for the truth of their contents.

32. Paragraph 32 contains legal conclusions to which no response is required.

33. Paragraph 33 contains legal conclusions to which no response is required, to the extent a response is required Defendant denies those allegations.

34. Paragraph 34 contains legal conclusions to which no response is required, to the extent a response is required Defendant denies those allegations.

35. Defendant incorporates by reference all of the above paragraphs herein.

36. Paragraph 36 contains legal conclusions to which no response is required, to the extent a response is required Defendant denies that USCIS has improperly withheld the records in violation of the Act.

37. Paragraph 37 contains legal conclusions to which no response is required, to the extent a response is required Defendant denies those allegations. Defendant respectfully refers the Court to the FOIA statute and Exhibit F for the truth of their contents.

38. Paragraph 38 contains legal conclusions to which no response is required, to the extent a response is required Defendant denies those allegations and respectfully refers the Court to the FOIA statute for a complete and accurate description of its content.

39. Paragraph 39 contains legal conclusions to which no response is required, to the extent a response is required Defendant denies those allegations and respectfully refers the Court to the FOIA statute for a complete and accurate description of its content.

40. Paragraph 40 contains legal conclusions to which no response is required, to the extent a response is required Defendant denies those allegations

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent that a response is required, Defendant denies the allegations in the Prayer for Relief, and denies that Plaintiff is entitled to any of the relief requested in Paragraphs 1 through 40, or to any relief whatsoever from the Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552

*et seq.*, and the Privacy Act, 5 U.S.C. § 552(a), *et seq.*

## THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a FOIA request at issue in this action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged sufficient factual and/or legal bases for its request for costs and/or attorney's fees.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's request submitted under FOIA, 5 U.S.C. § 552, as amended, did not reasonably describe the records sought.

## SIXTH AFFIRMATIVE DEFENSE

There is no provision of the FOIA for obtaining declaratory relief.  At all times alleged in the Complaint, Defendant was acting in good faith, with justification, and pursuant to authority.

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. Plaintiff take nothing by its Complaint;
2. The Complaint be dismissed with prejudice;
3. No injunctive relief be awarded to Plaintiff;
4. Defendant be awarded its costs of suit;

5. Judgment be entered in favor of Defendant;

6. The Court grant such other and further relief as it may deem proper.

Date: June 25, 2020              Respectfully submitted,

                                 MICHAEL R. SHERWIN
                                 Acting United States Attorney
                                 District of Columbia

                                 DANIEL F. VAN HORN,
                                 D.C. BAR # 924092
                                 Chief, Civil Division


                       By:       /s/*Kristin D. Brudy-Everett*
                                 KRISTIN D. BRUDY-EVERETT
                                 Assistant United States Attorney
                                 Judiciary Center Building
                                 555 4th St., N.W.
                                 Washington, D.C. 20530
                                 (202) 252-2536
                                 Kristin.Brudy-Everett@usdoj.gov


                                 *Counsel for Defendant*